UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

-vs-

D-17, THEODORE SCHENK,

        Defendant.

_____/

No. 03-80406

HON. GERALD E. ROSEN

OFFENSE: 18 U.S.C. § 1962(D)
      CONSPIRACY TO VIOLATE
      RACKETEER INFLUENCED AND
      CORRUPT ORGANIZATIONS ACT

STATUTORY MAXIMUM PENALTIES:
    20 Years' Imprisonment
    $250,000 Fine

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant THEODORE SCHENK and the government agree as follows:

1. **GUILTY PLEA(S)**

    A. **Count(s) of Conviction**

Defendant will enter a plea of guilty to **Count 1 of the First Superseding Indictment**, which charges Conspiracy to Violation the Racketeer Influenced and Corrupt Organizations Act, in violation of 18 U.S.C. 1962(e), and for which the penalty is 20 years' imprisonment and/or a $250,000 fine.

**B.**　　**Elements of Offense(s)**

The elements of Count 1 are:

>　1. two or more persons conspired and agreed to conduct an enterprise
>
>　through a pattern of racketeering activity, including the commission of at
>
>　least two acts of racketeering activity;
>
>　2. defendant voluntarily joined the conspiracy; and
>
>　3. defendant did so knowingly and intentionally.

**C.**　　**Factual Basis for Guilty Plea(s)**

The following facts are a sufficient and accurate basis for defendant's guilty plea:

From about July 2002 through April 2004, Defendant THEODORE SCHENK conspired and agreed with ABDEL-HAMID SINNO, IMAD MAJED HAMADEH and others to conduct an enterprise through a pattern of racketeering activity. Specifically, the enterprise obtained counterfeit Viagra tablets, bearing counterfeit trademarks, with intent to re-sell them. In fact, Pfizer holds the patents on Sildenafil Citrate (the active ingredient in Viagra), the process and preparation of Viagra, and the tablet design shape and color of Viagra. In this case, the enterprise obtained blue tablets, which consisted of herbal mixtures and contained no Sildenafil Citrate, and which were marked "Pfizen." SCHENK's role was to obtain the supply of counterfeit Viagra tablets and provide them to members of the enterprise. In furtherance of the conspiracy, on July 18, 2002, SCHENK met with IMAD HAMADEH in a hotel parking lot in Atlanta, Georgia, for the purpose of selling HAMADEH 15,000 Viagra tablets; on or about March 23, 2003, SCHENK sold 25,000 counterfeit Viagra tablets to ABDEL-HAMID SINNO; and on September 4, 2003, THEODORE SCHENK possessed approximately 700 tablets of counterfeit Viagra in North Miami Beach, Florida.

**3.**　　**SENTENCING GUIDELINES**

**A.**　　**Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

**B.**   **Agreed Guideline Range**

There are no sentencing guideline disputes. Except as provided below, defendant's guideline range is **15-21 months**, as set forth on the attached worksheets.  If the Court finds:

a) that defendant's criminal history category is higher than reflected on the attached worksheets, or

b) that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense(s); or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than **21 months**, the higher guideline range becomes the agreed range. However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does *not* authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections a) and b), above.

**3.**   **SENTENCE**

The Court will impose a sentence pursuant to 18 U.S.C. §3553, and in doing so must consider the sentencing guideline range.

**A.    Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by Paragraph 2B.

**B.    Supervised Release**

A term of supervised release, if imposed, follows the term of imprisonment. There is no agreement on supervised release. In other words, the Court may impose any term of supervised release up to the statutory maximum term, which in this case is **3 years**. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

**C.    Special Assessment**

Defendant will pay a special assessment of **$100** and must provide the government with a receipt for the payment before sentence is imposed.

**D.    Fine**

The Court may impose a fine on each count of conviction in any amount up to the top of the applicable sentencing guideline range.

**E.    Restitution**

The Court shall order restitution to every identifiable victim of defendant's offense(s). There is no agreement on restitution. The Court will determine who the victims are and the amounts of restitution they are owed.

- 4 -

4.    **Cooperation.**   Defendant agrees to assist the United States Attorney's Office in the investigation and prosecution of others involved in criminal activities, as specified below.

   A.    **Truthful Information and Testimony.** Defendant will provide truthful and complete information concerning federal offenses of which he has any knowledge.   Defendant will provide full debriefings as requested to the U.S. Attorney, and federal, state, and local law enforcement agencies.  Defendant will provide truthful testimony at all proceedings, criminal, civil, or administrative, as requested by the U.S. Attorney.  Such testimony may include, but is not limited to, grand jury proceedings, trials, and pretrial and post-trial proceedings.  Defendant agrees to be available for interviews in preparation of all testimony.  Defendant further agrees to submit, upon request, to government-administered polygraph examinations to verify defendant's full and truthful cooperation.   Defendant understands that this obligation to provide cooperation continues after sentencing and that failure to follow through constitutes a breach of this agreement.

   B.    **Nature of Cooperation.** The defendant agrees to cooperate in good faith, meaning that the defendant will not only respond truthfully and completely to all questions asked, but will also volunteer all information that is reasonably related to the subjects discussed in the debriefing.  In other words, the defendant may not omit facts about crimes, participants, or defendant's involvement, and then claim not to have breached this agreement because defendant was not specifically asked questions about those crimes, participants, or involvement. Defendant will notify the

- 5 -

U.S. Attorney in advance if defendant intends to offer a statement or debriefing to other persons other than defendant's attorney.  Defendant is not prevented in any way from providing truthful information helpful to the defense of any person.  Any actions or statements inconsistent with continued cooperation under this agreement, including but not limited to criminal activity, or a statement indicating a refusal to testify, or any other conduct which in any way undermines the effectiveness of defendant's cooperation, constitutes a breach of this agreement.

5.    **Government's Authority Regarding Substantial Assistance**

   A.    **Substantial Assistance Determination.**    It is exclusively within the government's discretion to determine whether defendant has provided substantial assistance. Upon the government's determination that defendant's cooperation amounts to substantial assistance in the investigation or prosecution of others, the government will either seek a downward departure at sentencing under U.S.S.G. § 5K1.1, or a reduction of sentence pursuant to Fed. R. Crim. P. 35, as appropriate.

   B.    **Downward Departure.**  The parties agree that if the government makes such a motion, the amount of the reduction, if any, will be determined by the court.    Defendant understands and agrees that the court's failure to reduce defendant's sentence shall not constitute a valid basis for defendant to withdraw from this agreement or to withdraw his plea of guilty.

   C.    **Use of Information Against Defendant.** In exchange for defendant's agreement to cooperate with the government, as outlined above, the government agrees not to use new information that defendant provides (pursuant to this

- 6 -

agreement) about defendant's own criminal conduct against defendant at sentencing in this case. Such information may be revealed to the court but may not be used against the defendant in determining defendant's sentence range, choosing a sentence within the range, or departing from the range. There shall be no such restrictions on the use of information: (1) previously known to law enforcement agencies; (2) revealed to law enforcement agencies by, or discoverable through, an independent source; (3) in a prosecution for perjury or giving a false statement; or (4) in the event there is a breach of this agreement.

## 6. OTHER CHARGES

If the Court accepts this agreement, the government will not bring additional charges against defendant based on any of the conduct reflected in the attached worksheets.

## 7. EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Part 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Part 3.

## 8. RIGHT TO APPEAL

If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant waives any right he has to appeal his conviction or sentence. If the

- 7 -

sentence imposed is within the guideline range determined by Paragraph 2B the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range.

9.   **CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA(S) OR VACATION OF CONVICTION(S)**

If defendant is allowed to withdraw his guilty plea(s) or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea(s) becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea(s) or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

10.   **PARTIES TO PLEA AGREEMENT**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

11.   **SCOPE OF PLEA AGREEMENT**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties.   It supersedes all other promises, representations, understandings, and agreements between the parties concerning the subject matter of this plea agreement that are made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant

- 8 -

or to the attorney for defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

This agreement does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

## 12. ACCEPTANCE OF AGREEMENT BY DEFENDANT

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by **5:00 P.M. on May 31, 2006.** The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

STEPHEN J. MURPHY
United States Attorney

Eric M. Straus
Assistant United States Attorney
Assistant Chief, Criminal Division

KENNETH R. CHADWELL
Assistant United States Attorney

BARBARA L. MCQUADE
Assistant United States Attorney

Date: 5/10/06

By signing below, defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.

MICHAEL RATAJ
Attorney for Defendant

THEODORE SCHENK
Defendant

Date:

- 9 -

# WORKSHEET A   (Offense Levels)

Defendant:  __Theodore Schenk__           Count(s): 1

Docket No.:  __03-80406-17__           Statute(s) 18 USC 1962(d)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1.  BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 2E1.1(a) | RICO | 19 |
|  |  |  |
|  |  |  |
|  |  |  |

## 2.  ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| 3B1.2(b) | Minor participant | -2 |
|  |  |  |
|  |  |  |

## 3.  ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**17**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*If this is the only Worksheet A, check this box and skip Worksheet B.*     **X**

*If the defendant has no criminal history, check this box and skip Worksheet C.*     **X**

(rev. 06/99)

# WORKSHEET D  (Guideline Range)

**1.** **(COMBINED) ADJUSTED OFFENSE LEVEL**

Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in Item 8 of Worksheet B.

> 17

**2.** **ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY** (U.S.S.G § 3E1.1)

> -3

**3.** **TOTAL OFFENSE LEVEL**

Enter the difference between Items 1 and 2.

> 14

**4.** **CRIMINAL HISTORY CATEGORY**

Enter "I" if the defendant has no criminal history. Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

> I

**5.** **CAREER OFFENDER / CRIMINAL LIVELIHOOD / ARMED CAREER CRIMINAL (U.S.S.G. ch. 4, pt. B)**

    a. <u>Total Offense Level</u>: If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

    b. <u>Criminal History Category</u>: If the career offender provision (U.S.S.G. § 4B1.1) or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

**6.** **GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. ch. 5, pt. A)**

Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

> 15-21   months

**7.** **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**

If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (*See* U.S.S.G. § 5G1.1.) If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

> months

(rev. 06/99)

# WORKSHEET E   (Authorized Guideline Sentences)



**PROBATION  (U.S.S.G. ch. 5, pt. B)**

    a.  <u>Imposition of a Term of Probation</u>  (U.S.S.G. § 5B1.1)

[X]  1.  Probation is not authorized by the guidelines (minimum of guideline range > 6 months or statute of conviction is a Class A or a Class B felony).  If this box is checked, go to Item 2 (Split Sentence).

[ ]  2.  Probation is authorized by the guidelines (minimum of guideline range = zero months).

[ ]  3.  Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 6 months).

    b.  <u>Length of Term of Probation</u>  (U.S.S.G. § 5B1.2)

[ ]  1.  At least 1 year but not more than 5 years (total offense level ≥ 6).

[ ]  2.  No more than 3 years (total offense level < 6).

    c.  <u>Conditions of Probation</u>  (U.S.S.G. § 5B1.3)

        The court must impose certain conditions of probation and may impose other conditions of probation.

## 2.  SPLIT SENTENCE  (U.S.S.G. § 5C1.1(c)(2), (d)(2))

[X]  a.  A split sentence is not authorized (minimum of guideline range = 0 months or > 10 months).

[ ]  b.  A split sentence is authorized (minimum of guideline range > 0 months but ≤ 10 months).  The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 8, 9, or 10 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, or 6 months).  The authorized length of the term of supervised release is set forth below in Item 4.b

## 3.  IMPRISONMENT  (U.S.S.G. ch. 5, pt. C)

A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D).  (*See* U.S.S.G. § 5C1.1.)

(rev. 06/99)

**SUPERVISED RELEASE  (U.S.S.G. ch 5., pt. D)**

    a.   Imposition of a Term of Supervised Release  (U.S.S.G. § 5D1.1)

        The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute.  The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

    b.   Length of Term of Supervised Release  (U.S.S.G. § 5D1.2)

☐   1.  At least 3 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

☒   2.  At least 2 years but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

☐   3.  1 year, where the count of conviction is a Class E felony or a Class A misdemeanor,  i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

☐   4.  The statute of conviction requires a minimum term of supervised release of _____ months.

    c.   Conditions of Supervised Release  (U.S.S.G. § 5D1.3)

        The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

**5.   RESTITUTION (U.S.S.G. § 5E1.1)**

☒   1.  The court will determine whether restitution should be ordered and in what amount.

☐   2.  Full restitution to the victim(s) of the offense(s) of conviction is *required* by statute. (*See, e.g.,* 18 U.S.C. §§ 3663A, 2327.)  The parties agree that full restitution is $_____.

☐   3.  The parties agree that the court may order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____.  (*See* 18 U.S.C. §§ 3663(a)(3).)

☐   4.  The parties agree that the court may *also* order restitution to persons other than the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3).)

☐   5.  Restitution is not applicable.

(rev. 06/99)

(WORKSHEET E, p. 3)

## FINE  (U.S.S.G. § 5E1.2)

### a. Fines for Individual Defendants

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).)  Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).)  However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

### b. Fine Range from Fine Table  (U.S.S.G. § 5E1.2(c)(3))

|  Minimum Fine  |  Maximum Fine  |
|---|---|
| $ 4,000 | $ 40,000 |

## 7.   SPECIAL ASSESSMENT(S)  (U.S.S.G. § 5E1.3)

The court must impose a special assessment on every count of conviction.  The special assessments for individual defendants are

$100.00 for every count charging a felony ($50.00 if the offense was completed before April 24, 1996)
$ 25.00 for every count charging a Class A misdemeanor,
$ 10.00 for every count charging a Class B misdemeanor, and
$  5.00 for every count charging a Class C misdemeanor or an infraction.

The defendant must pay a special assessment or special assessments in the total amount of  $  100         .

## 8.   ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES

List any additional applicable guideline, policy statement, or statute.

## 9.   UPWARD OR DOWNWARD DEPARTURE  (U.S.S.G. ch. 5, pts. H & K)

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

(rev. 06/99)