**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.                                                                                    Case No. 03-80406

**ALI NAJIB BERJAOUI,**                                  Honorable Gerald E. Rosen

      **Defendant.**

_____ /

**MOTION TO STRIKE**
**SURPLUSAGE FROM INDICTMENT AND BRIEF**

      NOW COMES Defendant Ali Berjaoui, by and through counsel, S. Allen Early, and pursuant to Rule 7(d), Fed. Rules Crim. Pro., hereby moves to strike surplusage from indictment. In support of this Motion Defendant states as follows:

      1.    Defendant is charged with one count of RICO conspiracy to violate 18 U.S.C. 1962 (c). 18 U.S.C. 1962 (d).

      2.    Defendant immigrated to this country from Lebanon and became a United States citizen in approximately 1988. He is married with 3 children. His wife is a homemaker who cares for the children aged 5 months to 5 years. After immigrating to this country, Defendant has operated a series of self employed businesses. He has no criminal convictions.

      3.    One of the self employed businesses that Defendant has operated in the past is a tobacco shop. During the operation of this shop Defendant purchased legal cigarettes from a Michigan wholesaler and resold the cigarettes to the public.

      4.    The government alleges in the Indictment that Defendant also was a participant in the contraband cigarette trafficking portion of the RICO conspiracy. The government has orally

advised counsel that Defendant is alleged to be a customer for some contraband cigarettes, thereby allegedly supplementing the stock of his tobacco shop with low tax or no tax contraband cigarettes for resale.  There is no allegation in the Indictment and, upon information and belief, there is no evidence to the effect that the tobacco shop existed for the benefit of the alleged enterprise.  Rather, the tobacco shop was owned by Defendant and he kept all gross receipts for the benefit of himself.

     5.       The Indictment does not specifically allege Defendant's customer or consumer status, but rather alleges that after others obtained and smuggled the cigarettes to Michigan (paragraphs 4A, 4B), Defendant and others "would then re-distribute the cigarettes within the states of Michigan and New York City, providing substantial cash profits to the enterprise." (¶4C).  Upon information and belief, Defendant is only alleged to have distributed cigarettes in Michigan (the New York allegations apparently refer to other defendants).  Defendant is not alleged to be involved in the fake tax stamp allegations set forth in Paragraph 4D of the Indictment.

     6.       The government has, as to Defendant, transformed a mundane state law contraband cigarette case into a RICO conspiracy.  The difference in penalty (probation in state court and prison in federal court).  Such a result was not the purpose of RICO.

### The Motion to Strike

     7.       Defendant is moving to strike the following allegations as surplusage:

     a.       Paragraph 16 which recites information about "foreign terrorist organizations," Hizballah and Hizballah's goals which "include the eradication of 'western imperialism' from the Middle East represented in part by the United States ('the Great Satan') and Israel ('the little Satan')."

        b.      Portions of Paragraph 3 which includes the following language: "The criminal enterprise was bound together by *a common heritage (Lebanese); a common language (Arabic); allegiance to and support of Hizballah; blood relations;* and a common purpose of generating large sums of cost illegally.   Defendant seeks to strike the italicized language.

        c.      Paragraph F relating to allegations that certain defendants were avid supporters of Hizballah and collected or transported money for Hizballah.

8.    Rule 7 (d), Federal Rules Criminal Procedure, allows the court to strike surplusage from an indictment where the allegations are not relevant to the crime charged and also prejudicial. <u>United States</u> v. <u>Wilson</u>, 565 F. Supp. 1416, 1439 (S.D. N.Y. 1983); <u>United States</u> v. <u>Saporta</u>, 270 F.Supp. 183, 186 (E.D. N.Y. 1967); Advisory Committee Notes to Rule 7, Fed Rules, Crim. Pro.

9.    The Indictment alleges that the purpose of the RICO conspiracy was "generating large sums of cash illegally," ¶ **3,** not support of Hizballah.  Five defendants are alleged to be supporters of Hizballah.  None of these five defendants will be participating in the trial inasmuch as 4 have fled and 1 has pled guilty.  Inasmuch as the Hizballah allegations are not relevant to the charged crime and also not relevant to the remaining defendants who go to trial, the Hizballah allegations should be stricken.

10.    Similarly the language regarding "common heritage (Lebanese); a common language (Arabic), allegiance to and support of Hizballah, blood relations" in Paragraph 3 should be stricken. Such race allegations are not relevant to the charged RICO conspiracy, involving contraband cigarettes, counterfeit labels (Viagra and Zig-Zag), and stolen goods.

11.    The race language above specifically targets and identifies a racial group in the Indictment, an unnecessary allegation.  This is a fraud case, not a race case.  The fact that 5 persons

named as defendants allegedly have allegiance to Hizballah should not crucify the remaining Defendants not alleged to be connected to Hizballah. The criminal allegations are fraud charges, not terrorist charges, and the politics of 5 defendants are not relevant to the fraud charges against Defendant.

12. In this case, the allegation about common race, heritage, language, blood, is also inconsistent with the actual facts. Defendant Schenk, alleged to be a member of the conspiracy enterprise, is , upon information and belief, a non-Muslim white man born in America. In addition, Defendant is not related by blood to any co-defendant.

13. The Hizballah and race language in the Indictment is so prejudicial that if not stricken there will in all likelihood be an automatic guilty verdict. The war between Israel and Hizballah was recently televised around the world and the entire jury panel will know that Hizballah means enemy of the United States.

WHEREFORE, Defendant does respectfully request that the Court grant this Motion.

LAW OFFICES S. ALLEN EARLY

BY: s/ S. Allen Early
S. ALLEN EARLY
660 Woodward Ave., Suite 1480
Detroit, Michigan  48226
(313) 962-2320
sallenearly@sbcglobal.net
P-13077

Dated: November 21, 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.                                          Case No. 03-80406

**ALI NAJIB BERJAOUI,**                  Honorable Gerald E. Rosen

      **Defendant.**

_____ /

### CERTIFICATE OF SERVICE

      I hereby certify that on November 21, 2006, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Barbara L. McQuade and Kenneth Chadwell.

                                                s/ S. Allen Early
                                                S. ALLEN EARLY
                                                660 Woodward Ave., Suite 1480
                                                Detroit, Michigan 48226
                                                (313) 962-2320
                                                sallenearly@sbcglobal.net
                                                P-13077