**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**                                  **Case No.  03-80406**

**ALI NAJIB BERJAOUI,**             **Honorable Gerald E. Rosen**

        **Defendant.**

_____ /

**MOTION FOR BILL OF**
**PARTICULARS AND BRIEF**

NOW COMES Defendant Ali Berjaoui, by and through counsel, S. Allen Early, and pursuant to Rule 7 (f), Federal Rule Crim.  Pro., hereby moves for a Bill of Particulars as follows:

    1.        With respect to Paragraph 4C and 5A on pages 11 and 16 of the Indictment,  state the date, time, location of contraband cigarette trafficking by Defendant, and also state the quantity of cigarettes.

    2.        State how Defendant participated in the operation or management of the association in fact enterprise alleged in the indictment.

        In cases under RICO Section 1962(c), the government must show that the defendant has conducted or participated in the "affairs" of an enterprise through a pattern of racketeering activity.  United States v. Gibson, 486 F. Supp. 1230, 1243-1244 (S.D. Ohio 1980).  In Reves v. Ernst & Young, a civil RICO case, the Supreme Court ruled that "[i]n order to participate, directly or indirectly, in the conduct of such enterprises's affairs, one must have some part in directing those affairs."  507 U.S. 170, 179 (1993).  The Court applied an operation or management test, id. at 184, and did not limit liability to upper level people.

Ernst & Young, supra, has been applied to criminal RICO cases, United States v. Diaz, 176 F.3d 52 (2d Cir. 1999).

3.    State two or more predicate acts engaged in by Defendant.

RICO requires that a defendant engage in a "pattern" of racketeering activity. The definition of pattern in RICO Section 1961 "requires" at least two racketeering acts. 18 U.S.C. § 1961. In this case the government has set forth overt acts in the Indictment for all defendants except Defendant Berjaoui.

4.    With respect to Defendant's alleged participation in a "pattern" of racketeering activity set forth in ¶5 of the Indictment on page 15, describe as to Defendant:

a.    the number and variety of predicate acts and the length of time over which they were committed,

b.    the number of victims and perpetrators,

c.    the presence of separate schemes,

d.    the occurrence of distinct injuries.

Under Columbia Natural Resources, Inc., v. Tatum, 58 F.3d 1101, 1110 (6th Cir. 1995), cert denied, 516 U.S. 1158 (1996), the Sixth Circuit follows the above multi-factor test in determining whether a pattern exists. Due regard should also be given to continuity and relatedness. H.J. Inc. v. Northwestern Bell, 492 U.S. 229 (1989).

5.    With respect to Paragraph 2 of the Indictment on page 8, (a) state how Defendant "functioned as a combined unit" in respect to the enterprise, and (b) state how the alleged enterprise is separate and apart from the pattern of racketeering activity in which it is alleged to engage.

Under <u>United States</u> v. <u>Turkette</u>, persons associated with the enterprise must function as a "continuing unit" and the enterprise entity must be "separate and apart from the pattern of activity in which it engages."  452 U.S. 576, 583 (1981).

LAW OFFICES S. ALLEN EARLY

BY:  <u>s/ S. Allen Early</u>
S. ALLEN EARLY
660 Woodward Ave., Suite 1480
Detroit, Michigan  48226
(313) 962-2320
<u>sallenearly@sbcglobal.net</u>
P-13077

Dated: November 21, 2006

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

**v.**                                **Case No.  03-80406**

**ALI NAJIB BERJAOUI,**                 **Honorable Gerald E. Rosen**

       **Defendant.**
_____ /

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 21, 2006, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:  Barbara L. McQuade and Kenneth Chadwell.

                                       s/ S. Allen Early
                                       S. ALLEN EARLY
                                       660 Woodward Ave., Suite 1480
                                       Detroit, Michigan  48226
                                       (313) 962-2320
                                       sallenearly@sbcglobal.net
                                       P-13077