**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**                                **Case No.  03-80406**

**ALI NAJIB BERJAOUI,**               **Honorable Gerald E. Rosen**

      **Defendant.**

_____ /

**MOTION TO DISMISS INDICTMENT AND BRIEF**

NOW COMES Defendant Ali Berjaoui, by and through counsel, S. Allen Early, and pursuant

to Rule 12(b), Fed. Rules Crim. Pro., hereby moves to dismiss the indictment for (1) failure to allege

in the Indictment an enterprise separate and apart from the pattern of racketeering acts, (2) for failure

to allege in the Indictment that Defendant participated in the operation or management of the alleged

enterprise, and (3) because Defendant, as an alleged customer for contraband cigarettes, even if true,

did not conduct the enterprises's affairs through a pattern of racketeering, but rather allegedly

conducted his own affairs through a pattern of racketeering.

**I.**

**Introduction**

Defendant is charged with one count of RICO conspiracy to violate 18 U.S.C. § 1962 (c).

18 U.S.C. § 1962 (d).

Defendant immigrated to this country from Lebanon and became a United States citizen in

approximately 1988.  He is married with 3 children.  His wife is a homemaker who cares for the

children aged 5 months to 5 years.  After immigrating to this country, Defendant has operated a series of self employed businesses.  He has no criminal convictions.  Defendant is not alleged to be a Hizballah supporter.  One of the self employed businesses that Defendant has operated in the past is a tobacco shop.  During the operation of this shop Defendant purchased legal cigarettes from a Michigan wholesaler and resold the cigarettes to the public.

The government alleges in the Indictment that Defendant also was a participant in the contraband cigarette trafficking portion of the RICO conspiracy.  The government has orally advised counsel that Defendant is alleged to be a customer for some contraband cigarettes, thereby allegedly supplementing the stock of his tobacco shop with low tax or no tax contraband cigarettes for resale.  There is no allegation in the Indictment and, upon information and belief, there is no evidence to the effect that the tobacco shop existed for the benefit of the alleged enterprise.  Rather, the tobacco shop was owned by Defendant and he kept all gross receipts for the benefit of himself and expenses of the shop.

The Indictment does not specifically allege Defendant's customer or consumer status, but rather alleges that after others obtained and smuggled the cigarettes to Michigan (paragraphs 4A, 4B), Defendant and others "would then re-distribute the cigarettes within the states of Michigan and New York City, providing substantial cash profits to the enterprise." (¶4C).  Upon information and belief, Defendant is only alleged to have distributed cigarettes in Michigan (the New York allegations apparently refer to other defendants).  Defendant is not alleged to be involved in the fake tax stamp allegations set forth in Paragraph 4D of the Indictment or the counterfeit and stolen goods allegations set forth in Paragraph 4E of the Indictment.

The government has, as to Defendant, transformed a mundane state law contraband cigarette case into a RICO conspiracy.  The difference in penalty (probation in state court and prison in federal court).  Such a result was not the purpose of RICO.

## II

### A. Separate Enterprise

The Supreme Court has ruled that a RICO enterprise under Section 1962 (c) must have an existence separate and apart from the predicate racketeering acts.  <u>United States</u> v. <u>Turkette</u>, 452 U.S. 576, 583 (1981).  No facts are set forth in the Indictment with respect to the 19 person association in fact enterprise which indicate an identity separate and apart from the predicate racketeering acts.

The indictment does contain separate Hizballah allegations against 5 defendants.  The only existence or identity alleged in the indictment separate and apart from the commission of predicate acts is the unstated Hizballah enterprise, ¶ 4F, a separate group of 5 people named in the indictment. Defendant is not alleged to be part of the Hizballah enterprise.

The 19 person association in fact enterprise allegations simply mirror the alleged commission of predicate acts.  ¶'s 4A, B, C, D, E.  Although the Indictment states that the enterprise "constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise," ¶2, the Indictment does not specify facts indicating an entity separate and apart from the pattern of racketeering activity in which the enterprise is alleged to have engaged. Thus, because the indictment does not properly allege an element of the offense, a separate enterprise, the indictment should be dismissed.  An indictment is not sufficient which fails

to state a material element of the offense.  <u>United States</u> v. <u>Landham</u>, 251 F.3d 1072, 1082 (6th Cir. 2001)(indictment insufficient because indictment omitted 2 of 3 essential elements of claim).

### B.  Operation and Management of Enterprise

Section 1962 (c) requires that a defendant "*conduct or participate*, directly or indirectly, in the conduct of such enterprise's affairs."  In <u>Reves</u> v. <u>Ernst & Young</u>, 507 U.S. 170, 183 (1993), the Supreme Court held that a RICO defendant must be involved in the operation or management of the alleged enterprise.  The <u>Reves</u> Court affirmed the Eighth Circuit's view that the phrase "conduct or participate" contemplates that the defendant must be involved in the operation or management of the enterprise:

> "Once we understand the word "conduct" to require some degree of direction and the word 'participate' to require some part in that direction, the meaning of § 1962 (c) comes into focus."

<u>Id</u>. at 179.  The <u>Reves</u> holding has been applied to criminal RICO cases, <u>United States</u> v.  <u>Diaz</u>, 176 F.3d 52 (2d Cir. 1999).  The Indictment sets forth no allegations as to how Defendant was involved in the operation or management of the enterprise.  As such, the Indictment should be dismissed for failure to allege a material element of the offense.  <u>United States</u> v. <u>Landham</u>, <u>supra</u>.

### C.  Conduct of Enterprise Affairs Versus Conduct of Personal Affairs

Section 1962 (c) forbids an individual from conducting the *enterprise's* affairs through a pattern of racketeering.  Because Defendant was allegedly acting as a consumer of some contraband cigarettes for his own tobacco store for resale and retaining profits for himself and store expenses, and was not involved in the operation of the enterprise as required by <u>Reves</u>, the alleged evidence, if true, supports the view that Defendant was conducting his own affairs – not the affairs of the enterprise – through acts of racketeering.  See <u>United States</u> v. <u>Gibson</u>, 486 F. Supp. 1230, 1243-44

(S.D. Ohio 1980) (court dismisses RICO charge where defendant conducted personal affairs, not union enterprise affairs, through a pattern of racketeering).  For this reason alone, the Indictment should be dismissed.

WHEREFORE, Defendant does respectfully request that the Court grant this Motion.

LAW OFFICES S. ALLEN EARLY

BY: s/ S. Allen Early
   S. ALLEN EARLY
   660 Woodward Ave., Suite 1480
   Detroit, Michigan  48226
   (313) 962-2320
   sallenearly@sbcglobal.net
   P-13077

Dated: November 21, 2006

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**                                                          **Case No.  03-80406**

**ALI NAJIB BERJAOUI,**                                         **Honorable Gerald E. Rosen**

      **Defendant.**
_____ /

**CERTIFICATE OF SERVICE**

     I hereby certify that on November 21, 2006, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:  Barbara L. McQuade and Kenneth Chadwell.

                                        s/ S. Allen Early
                                        S. ALLEN EARLY
                                        660 Woodward Ave., Suite 1480
                                        Detroit, Michigan  48226
                                        (313) 962-2320
                                        sallenearly@sbcglobal.net
                                        P-13077