**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

United States of America,

       Plaintiff,

vs.

                                          Criminal No. 03-80406
                                          Hon. Gerald E. Rosen

D-9 Jihad Hammoud, a/k/a
"Jay Hammoud", et al.,

       Defendant.

_____/

## MOTION FOR DISCLOSURE OF RELEVANT
## DOCUMENTS/STATEMENTS OF INDIVIDUALS WHO ARE
## <u>NOT PROSPECTIVE PROSECUTION WITNESSES</u>

Now Comes Defendant, Jay Hammoud ("Hammoud"), through his attorneys, Hertz, Schram & Saretsky, by Walter J. Piszczatowski, and respectfully requests this Court to require the government to produce any and all statements or documents or objects directly or indirectly related to the above case, made or adopted by or attributed to any individuals who the government does not presently intend to call as a witness at the trial in its case in chief, and in support states as follows:

1.      That relevant objects and documents pertaining to individuals who are not prospective prosecution witnesses are subject to disclosure pursuant to Fed. R. Crim. P. 16 and are not prohibited from disclosure by the government. Thus, the government can provide copies of such documents or statements of individuals known to the government but who will not be called by the government in its prosecution of Hammoud. In addition, it is more than reasonable to suggest that a witness who is not favorable to the government will be favorable to Hammoud and otherwise material to his defense.

1

Accordingly, Hammoud requests that this Court order the government to disclose the documents, statements, and the names and addresses of individuals who are not prospective government witnesses.

Respectfully submitted,
Hertz, Schram & Saretsky, P.C.
s/Walter J. Piszczatowski (P27158)
Attorney for Defendant Jihad Hammoud
1760 S. Telegraph Road, Suite 300
Bloomfield Hills, MI 48302
(248) 335-5000/(248) 335-3346 fax
wallyp@hsspc.com

Dated:  April 27, 2007

2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

United States of America,

        Plaintiff,

vs.                                       Criminal No. 03-80406
                                             Hon. Gerald E. Rosen

D-9 Jihad Hammoud, a/k/a
"Jay Hammoud", et al.,

        Defendant.

_____/


**BRIEF IN SUPPORT OF MOTION FOR DISCLOSURE**
**OF RELEVANT DOCUMENTS/STATEMENTS OF INDIVIDUALS**
**<u>WHO ARE NOT PROSPECTIVE PROSECUTION WITNESSES</u>**

i

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ..................................................................................................... iii

**Statement of Issue Presented** ........................................................................................... iv

**Controlling/Most Appropriate Authority** ........................................................................... v

**Argument**.................................................................................................................................. 1

**CERTIFICATE OF SERVICE**................................................................................................... 2

ii

## **TABLE OF AUTHORITIES**

**Cases**

Brady v. Maryland, 373 U.S. 83; 83 S. Ct. 1104; 10 L. Ed. 215 (1963) .......................... v, 1

United States v. Marks, 364 F. Supp. 1022 (D.C. Ky. 1973), aff'd 520 F.2d 913 (6th Cir.

   1975), rev'd on other grounds 430 U.S. 188; 97 S. Ct. 990; 51 L. Ed. 2d 260 (1977).. 2

United States v. Marshak, 364 F. Supp. 1005 (S.D. N.Y. 1973) ...................................... v, 1

United States v. McMillen, 489 F.2d 229 (7th Cir. 1972) ...................................................... 1

**Rules**

Fed. R. Crim. P. 16 ....................................................................................................... v, 1, 2

**<u>Statement of Issue Presented</u>:**

Whether this Court should order the government to produce the names and addresses of individuals as well as any related documents and statements of those individuals if the government does not intend to call them as a witness in its case in chief?

iv

**<u>Controlling/Most Appropriate Authority</u>:**

Fed. R. Crim. P. 16 grants Hammoud the right to pretrial disclosure of certain evidence in the government's possession.  <u>Brady</u> v <u>Maryland</u>, 373 U.S. 83; 83 S. Ct. 1104; 10 L. Ed. 215 (1963), states that Hammoud has a due process right to discover exculpatory evidence in the government's possession.  <u>U.S.</u> v. <u>Marshak</u>, 364 F.Supp 1005, 1007 (S.D. N.Y. 1973) held that Fed. R. Crim. P. 16, "which prevents the disclosure of statements of witnesses does not apply to those people whom the government in good faith does not intend to call at trial."

v

**Argument**

Defendant, Jay Hammoud ("Hammoud"), has a constitutional right under the due process clause to discovery of exculpatory evidence. Brady v. Maryland, 373 U.S. 83; 83 S. Ct. 1104; 10 L. Ed. 215 (1963). He also has a right under Fed. R. Crim. P. 16 to pretrial disclosure of certain evidence in the government's possession. As the Advisory Committee for the 1975 amendment to Rule 16 stated, this rule "is intended to prescribe the **minimum** amount of discovery to which the parties are entitled" and it "is not intended to limit the judge's discretion to order broader discovery in appropriate cases" (emphasis added).

In United States v. McMillen, 489 F.2d 229 (7th Cir. 1972), the district court ordered the government to produce the statements of all co-defendants involving defendant Robert Siegel. The government petitioned for a writ of mandamus to the Seventh Circuit. The Seventh Circuit reversed the district court, but only as to the co-defendant whom the government intended to call at trial. As to all other co-defendants, the Seventh Circuit upheld the district court order requiring disclosure.

Additionally, in United States v. Marshak, 364 F. Supp. 1005 (S.D. N.Y. 1973), the court held that the restriction in Rule 16 "which prevents the disclosure of statements of witnesses does not apply to those people whom the government in good faith does not intend to call at trial." Id. at 1007. The Marshak court therefore ordered the government to disclose the statements of all persons who had given statements, subject to certain relevancy restrictions based on the facts of that case.

1

Finally, in <u>United States</u> v. <u>Marks</u>, 364 F. Supp. 1022 (D.C. Ky. 1973), aff'd 520 F.2d 913 (6th Cir. 1975), rev'd on other grounds 430 U.S. 188; 97 S. Ct. 990; 51 L. Ed. 2d 260 (1977), the court held that Rule 16 permitted the disclosure of statements regarding the facts of that case made by defendant's agents.

Hammoud does not seek via this motion the disclosure of the statements of prospective government witnesses; he desires only those statements of individuals the government in good faith does not intend to call at trial.  This Court has discretion to order such disclosure, and the disclosure would be consistent with Fed. R. Crim. P. 16, as well as Hammoud's right to obtain evidence favorable or relevant to his case.

WHEREFORE, defendant, Jay Hammoud, requests that this Court order the government to disclose the statements and the names and addresses of individuals who are not prospective prosecution witnesses.

> Hertz, Schram & Saretsky, P.C.
> s/Walter J. Piszczatowski (P27158)
> Attorney for Defendant Jihad Hammoud
> 1760 S. Telegraph Road, Suite 300
> Bloomfield Hills, MI 48302
> (248) 335-5000/(248) 335-3346 fax
> wallyp@hsspc.com

Dated:  April 27, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:  Eric E. Biretta, James W. Burdick, Kenneth R. Chadwell, Thomas W. Cranmer, Mark B. Dickow, S. Allen Early, III, Federal Defendant, Neil H. Fink, Robert E. Forrest, Hassan A. Huraibi, Samer N. Jadallah, Robert M Kalec, Joel J. Kirkpatrick, Brian M. Legghio, Matthew F. Leitman, Barbara L. McQuade, John R. Minock, Clyde B.

Pritchard, Michael A. Rataj, Salem F. Samaan, Sanford A. Schulman, David S. Steingold, Kimberly W. Stout, and James C. Thomas.

Hertz, Schram & Saretsky, P.C.
s/Walter J. Piszczatowski (P27158)
Attorney for Defendant Jihad Hammoud
1760 S. Telegraph Road, Suite 300
Bloomfield Hills, MI 48302
(248) 335-5000/(248) 335-3346 fax
wallyp@hsspc.com

S:\Staff\Steiniger, Valerie\Wjp\Hammoud, Jay\MOTIONS\Motion and BIS for Disclosure.doc

3