**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

United States of America,

        Plaintiff,

vs.                                                                                    Criminal No. 03-80406
                                                                                         Hon. Gerald E. Rosen

D-9 Jihad Hammoud, a/k/a
"Jay Hammoud", et al.,

        Defendant.

_____/

**DEFENDANT, JAY HAMMOUD'S, MOTION FOR ORDER**
**DIRECTING THE GOVERNMENT TO PRODUCE WITNESS**
**STATEMENTS PRIOR TO TRIAL, OR IN THE ALTERNATIVE,**
**FOR APPROPRIATE RELIEF**

Defendant, Jay Hammoud ("Hammoud"), by and through his attorneys, Hertz, Schram & Saretsky, P.C., by Walter J. Piszczatowski, and respectfully moves this Court to order the Government to produce the Jencks Act material in this case prior to trial or, in the alternative, to order the government to produce: 1) a witness list, which would include the names, phone numbers and the addresses of witnesses it now plans to call in its case in chief; 2) an exhibit list of documentary evidence with attachments; and, 3) any proposed charts or summaries as defined by Rule 1006 of the Federal Rules of Evidence, which the government will seek to either introduce into evidence or utilize at trial. Hammoud also requests that an automatic continuance be granted after each witness testifies and that all Rule 26.2 statements be produced without the necessity of repeated requests. In support of his requests, Hammoud states:

1

1.      Jay Hammoud is charged along with 18 other individuals in a two count superseding indictment charging conspiracy to commit RICO in violation of 18 USC 1962(b) in Count One.

2.      This case was extensively investigated by the United States Attorney's Office and various federal agencies in connection with at least one grand jury in the Eastern District of Michigan.

3.      Fundamental fairness requires that Hamoud have a meaningful opportunity to review the statements of the government's witnesses prior to trial.

4.      Permitting the government to withhold Jencks material inevitably contributes to substantial delay and disruption at trial, as counsel for Hammoud will be forced to move for a recess after each witness testifies in order to examine the witness's statement and any discovery material previously provided in order to determine how to utilize the statement in cross-examination.

5.      Should this Court not order the immediate production of the Jencks material as requested, Hammoud alternatively asks that this Court order the Government to produce:  a witness list, which would include the names, phone numbers and the addresses of witnesses it now plans to call in its case in chief; and an exhibit list of documentary evidence with attached documents and any proposed charts or summaries, as defined by Rule 1006 of the Federal Rules of Evidence, which the Government will seek to either introduce into evidence or utilize at trial.   Defendant Hammoud also requests that an automatic continuance be granted after each witness testifies and that all Rule 26.2 statements be produced without the necessity of

repeated requests.

Respectfully submitted,
Hertz, Schram & Saretsky, P.C.
s/Walter J. Piszczatowski (P27158)
Attorney for Defendant Jihad Hammoud
1760 S. Telegraph Road, Suite 300
Bloomfield Hills, MI 48302
(248) 335-5000/(248) 335-3346 fax
wallyp@hsspc.com

Dated:  April 27, 2007

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

United States of America,

       Plaintiff,

vs.

D-9 Jihad Hammoud, a/k/a
"Jay Hammoud", et al.,

       Defendant.

Criminal No. 03-80406
Hon. Gerald E. Rosen

_____/

**BRIEF IN SUPPORT OF DEFENDANT, JAY HAMMOUD'S, MOTION**
**FOR ORDER DIRECTING THE GOVERNMENT TO PRODUCE WITNESS**
**STATEMENTS PRIOR TO TRIAL, OR IN THE ALTERNATIVE,**
**FOR APPROPRIATE RELIEF**

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ............................................................................................................ iii

**Statement of Issue Presented** ................................................................................................ iv

**Controlling/Most Appropriate Authority** ............................................................................ v

**Argument**................................................................................................................................... 1

**CERTIFICATE OF SERVICE**.................................................................................................... 3

## TABLE OF AUTHORITIES

**Cases**

United States v. Beckford, 964 F. Supp. 1010 (E.D. Va. 1997).............................................. 1

United States v. Bernard Industries, 589 F.2d 1353 (8th Cir. 1979).................................... 2

United States v. Holmes, 722 F.2d 37 (4th Cir. 1983) ............................................................ 2

United States v. Narcisco, 446 F. Supp. 252 (E.D. Mich. 1977) ....................................... v, 1

**Statutes**

18 U.S.C. §3500 ........................................................................................................................... 1

**Rules**

Fed. R. Crim. P. 2............................................................................................................................ 2

Fed. R. Crim. P. 26.2 ................................................................................................................. 1, 2

**Statement of Issue Presented:**

Should this Court enter an order directing the government to produce witness

statements prior to trial, or in the alternative, to direct appropriate other relief to allow

Hammoud and his counsel to prepare for trial effectively and to promote efficient trial

proceedings?

**<u>Controlling/Most Appropriate Authority</u>:**

In <u>United States</u> v. <u>Narcisco</u>, 446 F.Supp. 252 (E.D. Mich. 1977), the court ordered the pre-trial production of Jencks material.

**Argument**

A literal reading of Fed. R. Crim. P. 26.2 and the Jencks Act, 18 U.S.C. §3500, indicates that the government need not produce the statements of its witnesses until after the witnesses testify on direct exam.  The provisions of the Jencks Act and Fed. R. Crim. P. 26.2 regarding the production of witness statements, however, are not absolute, and prosecutors have been ordered to produce witness statements in advance of trial in certain cases.  For example, in United States v. Beckford, 964 F. Supp. 1010 (E.D. Va. 1997), a case in which the defendants were charged with murder in furtherance of a drug conspiracy, the court ordered pre-trial production of Jencks material prior to the process of selecting a jury.  In United States v. Narcisco, 446 F. Supp. 252 (E.D. Mich. 1977), a complex capital case, the court ordered the pre-trial production of Jencks material after concluding that delaying the production of the witness statements in accordance with the strict dictates of the Jencks Act might impact due process of law and raise questions about the effective assistance of counsel.

This case is very complex, involving numerous allegations of wrongdoing spanning multiple years and multiple jurisdictions.  The nature of the charges are rather amorphous, and specifically with respect to defendant Jay Hammoud, it is unclear as to how the Government intends to tie Jay Hammoud to the various portions of the multiple conspiracies involved (while only charging one).  There are a large number of witnesses to be called by the government.  It is critical to Hammoud's defense that he be allowed a reasonable opportunity to review the statements of the Government's witnesses prior to trial in order to conduct such investigation as may be required.

1

It is well settled that in order to afford counsel a reasonable opportunity to review the material, the court may grant a continuance if the government waits until after a witness has testified to produce the witness's prior statement.  United States v. Holmes, 722 F.2d 37 (4th Cir. 1983).  Counsel for Hammoud will likely be required to move for the production of all additional Jencks material and Rule 26.2 statements after each witness testifies, which will delay the trial considerably and may also antagonize the jury.

In the event that pre-trial production of the Jencks material and Rule 26.2 statements does not occur, the Court has broad authority to control the proceedings and to order the Government to produce a witness list prior to trial, and to grant other appropriate relief to insure the fairness of the proceedings.  Fed. R. Crim. P. 2; United States v. Bernard Industries, 589 F.2d 1353 (8th Cir. 1979).  In view of the foregoing, Defendant Hammoud petitions this Court to grant the relief requested above.

Hertz, Schram & Saretsky, P.C.
s/Walter J. Piszczatowski (P27158)
Attorney for Defendant Jihad Hammoud
1760 S. Telegraph Road, Suite 300
Bloomfield Hills, MI 48302
(248) 335-5000/(248) 335-3346 fax
wallyp@hsspc.com

Dated:  April 27, 2007

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 27, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:  Eric E. Biretta, James W. Burdick, Kenneth R. Chadwell, Thomas W. Cranmer, Mark B. Dickow, S. Allen Early, III, Federal Defendant, Neil H. Fink, Robert E. Forrest, Hassan A. Huraibi, Samer N. Jadallah, Robert M Kalec, Joel J. Kirkpatrick, Brian M. Legghio, Matthew F. Leitman, Barbara L. McQuade, John R. Minock, Clyde B. Pritchard, Michael A. Rataj, Salem F. Samaan, Sanford A. Schulman, David S. Steingold, Kimberly W. Stout, and James C. Thomas.

> Hertz, Schram & Saretsky, P.C.
> s/Walter J. Piszczatowski (P27158)
> Attorney for Defendant Jihad Hammoud
> 1760 S. Telegraph Road, Suite 300
> Bloomfield Hills, MI 48302
> (248) 335-5000/(248) 335-3346 fax
> wallyp@hsspc.com

4

S:\Staff\Steiniger, Valerie\Wjp\Hammoud, Jay\MOTIONS\Motion and BIS for Order.doc

4