UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

      Plaintiff,

vs.

D-9 Jihad Hammoud, a/k/a
"Jay Hammoud", et al.,

      Defendant.

_____/

Criminal No. 03-80406
Hon. Gerald E. Rosen

## SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

This supplemental memorandum addresses issues raised at oral argument conducted before the Court on October 4, 2007, including whether the Sixth Circuit requires that a RICO "enterprise" have independent structure apart from the "racketeering activity" and, whether the indictment must plead the structure of an alleged "enterprise."

The U.S. Government's position seems to be that evidence used to prove a "pattern of racketeering activity" suffices to establish the separate "enterprise" element and, moreover, that it need no more than allege the existence of an "enterprise" in order to sufficiently plead conspiracy to commit a RICO violation.[1] The government is mistaken on both counts. Contrary to the government's assertion that the Sixth Circuit has "explicitly rejected the position that there be proof of an enterprise distinct from the pattern of racketeering activity," the Sixth Circuit has repeatedly held that "to constitute a RICO enterprise, the association-in-fact (1) must be an

---

[1] In order to establish a violation of § 1962(d), the Supreme Court has held that a "conspirator must intend to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense...." *Salinas v. United States,* 522 U.S. 52, 65, 118 S.Ct. 469, 139 L.Ed.2d 352 (1997). In other words, a RICO conspiracy claim cannot stand where, as here, the elements of the substantive RICO provisions are not met. *See Discon, Inc. v. NYNEX Corp.,* 93 F.3d 1055, 1062-63 (2d Cir.1996).

ongoing organization (2) its members must function as a continuing unit (3) it must be separate from the pattern of racketeering activity in which it engages." *Frank v. D'Ambrosi*, 4 F.3d 1878, 1386 (6th Cir. 1993); *U.S. v. Chance*, 306 F.3d 356 (6th Cir. 2002); *VenDenBroeck v. CommonPoint Mortg. Co.,* 210 F.3d 696 (6th Cir. 2001). See also, *Broad, Vogt & Company, Inc. v. Alsthom Automation, Inc*., 200 F. Supp. 2d 756 (E.D. Mich. 2002); *800537 Ontario Inc. v. Auto Enterprises, Inc*., 113 F. Supp. 2d 1116 (E.D. Mich. 2000); *German Free State of Bavaria v. Toyobo Co., Ltd.,* 480 F.Supp. 2d 958 (W.D. Mich. 2007).

Defendants do not contest that the proof of the two elements may sometimes overlap or, "coalesce," as the Supreme Court stated in *United States v. Turkette*, 452 US 576; 69 L. Ed. 2d 246 (1981). It is, however, beyond cavil that the government must prove "both the existence of an 'enterprise' and a 'pattern of racketeering activity.'" *United States v. Qaoud*, 777 F.2d 1105, 1115 (6th Cir. 1985).

An "enterprise" is a group of persons associated together for a common purpose of engaging in a course of conduct. *United States v. Turkette*, *supra* at 583. Title 18 U.S.C. § 1961(4) further provides that an enterprise is "any individual, partnership, corporation, association or other legal entity, and any union or group of individuals *associated in fact* although not a legal entity." (Emphasis added) A properly pled RICO claim must cogently allege activity "that would show ongoing, coordinated behavior among the defendants that would constitute an association in fact." *Begala v. PMC Bank, Ohio, National Association*, 214 F.3d 776, 781 (6th Cir. 2000) citing *Frank v. D'Amgrosi*, 4 F.3d 1378, 1386 (6th Cir. 1993). (Complaint dismissed that essentially listed a string of entities allegedly comprising the enterprise, and then listed string of supposed racketeering activity in which enterprise purportedly engaged. Court held that the complaint must contain facts suggesting the behavior of the listed entities was coordinated in such a way it functioned as a continuing unit.) Although

2

the separate elements of "enterprise" and "pattern of racketeering activity" may be alleged through the same facts, see *Qaoud*, 777 F.2d at 1115, the complaint still must contain facts suggesting that the behavior of the listed entities is "coordinated" in such a way that they function as a "continuing unit,". *See Frank* 4 F.3d at 1386.

Here, the government alleges an "enterprise" in name only, which is insufficient on its face. The government responds that its only obligation is to simply *allege* the existence of an "enterprise" and that, at trial, it will presumably introduce the same evidence to establish both the enterprise and the pattern of racketeering activity. It must do more. To be legally sufficient, "the indictment must assert facts which in law constitute an offense; and which, if proved, would establish prima facie the defendant's commission of the crime." *U.S. v. Superior Growers Supply Inc.*, 982 F.2d 173, 177 (6th Cir. 1992).

The problem here is that the Indictment purports to allege an enterprise, yet what is alleged is insufficient to support the element. Is the "enterprise" in this case the amorphous assemblage of individuals, some identified, some not identified, who allegedly operated from Lebanon to Paraguay to Florida and Dearborn, Michigan, bound together by a common heritage (Lebanese) a common language (Arabic) and an allegiance to in support of Hezbollah? Or, is it a group of individuals associated in fact who simply engaged in the racketeering activities alleged in the superseding indictment? If it is the former, the indictment must fail because it does not contain sufficient facts that the behavior was coordinated in such a way as to function as a continuing and structured unit. If it is the latter, then indeed the allegations of common heritage, language and allegiance to Hezbollah are no more than surplusage. By pleading the enterprise in the nominal manner that it did, yet explicitly preserving the argument that evidence establishing a pattern of racketeering activity is sufficient to establish the enterprise, "the prosecution is free to roam at large – to shift its theory of criminality so as to take advantage of each passing

vicissitude of the trial and appeal." *See Russell v. United States*, 369 U.S. 749, 768, 8 L. Ed 2d 240 (1962).

The government's approach in this case is similar to that taken by the plaintiffs in the case of *Doe I v. State of Israel*, 400 F. Supp. 2d  86 (D.C. 2005) where the plaintiffs failed to allege a criminal enterprise under the RICO statutes.  In *Doe*, the court found that "the most palpable deficiency here is the lack of any inference of 'organization.'"  It is not enough for a group of individuals to commit acts enumerated by § 1961(1); plaintiff must assert that those individuals were organized together and in some way, and that there was structure to the association.  *Doe*, at 119 citing *United States v. Turkette*, 452 U.S. 576, 583.

In *Doe*, the plaintiffs, certain Palestinians, claimed that the land settlement activities of the state of Israel, Israeli government entities, Israeli officials, and a United States congregation that allegedly raised funds for Israeli settlers constituted terrorism and, accordingly, supported causes of action under RICO.  The plaintiff owned land in the West Bank from which he claims he was driven by the "threats and coercion" of other settler defendants.  He alleged that the settler defendants pointed guns at him, threatened to shoot him if he did not leave, set fire to property, and destroyed his olive groves.  The district court found that the plaintiffs sometimes identified the criminal enterprise as one thing and, at other times another, and held that "such a moving target is too indefinite for the . . . defendants properly to defend against."  *Doe*, 400 F. Supp. 2d at 119.  The court granted the defendant's motion to dismiss, reasoning that the Complaint never explained how the several groups of defendants associated or operated together, or were otherwise organized into an *enterprise* with a shared decision-making infrastructure, and that such allegations were, standing alone, insufficient to show that the "organization" element for a criminal enterprise under RICO was satisfied.

In *United States v. Minarik*, 875 F.2d 1186 (6th Cir. 1989), the Sixth Circuit held that "prosecutors and courts are required to determine and acknowledge exactly what the alleged crime is. They may not allow the facts to define the crimes through hindsight after the case is over." In the same vein, the government is charging defendants here with an enterprise centering on their common heritage, language and alleged affiliation with a terrorist organization, yet leaves open the option to proceed on the theory that the "pattern of racketeering" activity alone is sufficient to establish the "enterprise." As such, the indictment is defective for the above reasoning and for reasons previously submitted to this Court.

Respectfully submitted,

Hertz Schram PC
Attorneys for Jihad Hammoud
s/ Walter J. Piszczatowski_____
1760 S. Telegraph, Suite 300
Bloomfield Hills, MI 48302-0183
(248) 335-5000
wallyp@hertzschram.com
(P27158)

October 25, 2007

I hereby certify that on October 25, 2007, I electronically filed the foregoing Supplemental Memorandum in Support of Motion to Dismiss with the clerk of the court using the ECF system which will send notification of such filing to all parties of record.

Respectfully submitted,

Hertz Schram PC
Attorneys for Jihad Hammoud
s/ Walter J. Piszczatowski_____
1760 S. Telegraph, Suite 300
Bloomfield Hills, MI 48302-0183
(248) 335-5000
wallyp@hertzschram.com
(P27158)

S:\Staff\Steiniger, Valerie\Wjp\Hammoud, Jay\MOTIONS\Dismiss.Brief [Supplemental].doc