UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

       Plaintiff,

                              Case No.  03-CR-80406-DT-17
                              HON: Gerald E. Rosen

-vs-

**THEODORE SCHENK.**

       Defendant.
_____/

| | |
|---|---|
| **KENNETH R. CHADWELL (P39121)** | **MICHAEL A. RATAJ (P43004)** |
| Assistant United States Attorney | Counsel for Defendant |
| 211 W. Fort, Suite 2001 | 535 Griswold, Suite 1030 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| (313) 226-9698 | (313) 962-3500 |

_____

**DEFENDANT'S SENTENCING MEMORANDUM**

I.      **INTRODUCTION**

On June 8, 2009, Defendant will appear for sentencing before this Honorable Court.  Defendant pleaded guilty to Count 1 of the Indictment, Conspiracy to Violate the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(d). Pursuant to the terms of the Rule 11 Plea Agreement, the parties have agreed that Defendant's guideline range is 15-21 months but that because of Defendant's cooperation and assistance to the Government, Defendant should receive a downward departure per a 5K1.1 Motion or per a Rule 35 Motion.  Defendant submits this Memorandum in support of a sentence of probation.

II.   **THE FACTORS SET FORTH IN 18 U.S.C. § 3553(A) SUPPORT A PROBATIONARY SENTENCE**

This Honorable Court is obviously well versed in the Supreme Court's ruling in *United States v Booker*, 543 U.S. 220; 125 S. Ct. 757 (2005), which made the "guidelines effectively advisory," and "requires a sentencing court to tailor the sentence in light of other statutory concerns...see §3553 (a)(Supp 2004)." After *Booker*, the Guidelines are to be "respectfully considered", but no one factor is to be given more or less weight than any other §3553 (a) factor to be taken into account in arriving at an appropriate sentence. *Kimbrough v U.S*., 128 S. Ct. 553, 570 (2007); *Gall v U.S.* 128 S Ct 586-97, 602 (2207*); Rita v U.S.,* 127 S. Ct. 2456 (2007).

Previously disapproved or disfavored departure factors such as employment record (U.S.S.G. §5H1.5); family ties and responsibilities (U.S.S.G. §5H1.6); socio-economic status (U.S.S.G. §5H1.10); and substance abuse (U.S.S.G. §§5H1.4 and 5K2.13) may now be considered. Post *Booker*, there is no limitation on the information concerning the background, character and conduct of the defendant which a court may receive and consider for the purposes of imposing an appropriate sentence. 18 U.S.C. §3661.

18 U.S.C. §3553(a) obliges this Court to impose a sentence sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing. Those purposes are as follows:

> (A)   to reflect the seriousness of the offense; to promote respect for the law; and to provide just punishment for the offense;
> (B)   to afford adequate deterrence to criminal conduct;
> (C)   to protect the public from further crimes of the defendant; and

    (D)  to provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

18 U.S.C. § 3553(a) (2) (A)-(D).  In determining the minimally sufficient sentence to impose, this Court must consider the factors below:

 (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
 (2) the need for the sentence imposed to accomplish each of the purposes of sentencing listed in § 3553(a) (2);
 (3) the kinds of sentences available;
 (4) the guidelines promulgated by the Sentencing Commission;
 (5) any pertinent policy statement issued by the Sentencing Commission;
 (6) the need to avoid unwarranted sentencing disparities among similarly situated defendants; and
 (7) the need to provide restitution to the victims

See 18 U.S.C. § 3553(a) (1)-(7).

In the present case, an individualized assessment of all relevant sentencing factors suggests a probationary sentence.  Such a sentence will prove sufficient, but not greater than necessary, to comply with the purposes of sentencing listed at § 3553(a).

  A. **NATURE OF THE OFFENSE AND THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT**

Ms. Charmarie Green of the United States Probation Department has adequately set forth the offense conduct and the offender characteristics as well. Undersigned counsel does not see a need to simply reiterate what is contained in the Presentence Investigation Report.  However, it is important to highlight portions of Defendant's history as well as his current circumstances.

Mr. Schenk is 75 years old and has 3 children. Mr. Schenk lost his wife of 50 years back in 2005. Mr. Schenk's 49 year old daughter was rendered totally incapacitated in an automobile accident back in 1981. Since the date of her accident, Mr. Schenk's daughter has required around the clock care. Up until the time Mr. Schenk's wife passed away, the couple cared for their daughter in their home with the assistance of in-home nursing care. After the wife's passing, Mr. Schenk placed his daughter in the Miami Jewish Home and Hospital. Mr. Schenk is the sole financial provider for his daughter.

Mr. Schenk suffers from a number of medical issues. In 1988, the Defendant was diagnosed with skin cancer. Since that time, Mr. Schenk has had many surgeries and biopsies. At the present time, the defendant is being treated by Dr. Edward Gross, located in Miami Beach. Mr. Schenk also suffers from diverticulitis, osteoporosis and urinary troubles. The defendant stated that he also has difficulty sleeping on occasion, and has been prescribed sleep aid to help. In 2000, Mr. Schenk was diagnosed with a hiatal hernia. The defendant is prescribed the following medications by his primary physician, Dr. Paul Jacobsen, located in Miami Beach: Ranitidine (150 mg.), Alprazolam (Xanax, 0.5 mg) and Paroxetine (Paxil, 20 mg). Mr. Schenk also takes calcium as he was diagnosed with osteoporosis in 2001.

Mr. Schenk has lived an exemplary life. He served our country in the United States Navy. Mr. Schenk graduated from college in 1957 with a degree in psychology from the University of Miami. Mr. Schenk was a dedicated son (his mother is 99 years old and still alive), a dedicated husband and continues to be a

4

dedicated father.  Mr. Schenk has worked in medical sales for most of his adult life. Last but not least, Mr. Schenk has no criminal record of any kind.

      B.    **THE "NEED FOR THE SENTENCE" TO COMPLY WITH THE STATUTORY PURPOSES OF SENTENCING**

1. Retribution.  The first of the statutory factors that the sentence imposed should "reflect the seriousness of the offense,...promote respect for the law, and ...provide just punishment for the offense," essentially echoes the traditional concept of "retribution".

Such measurements are of course difficult to draw with precision, and, as an advocate, it is difficult for counsel to maintain objectivity.  However, while undoubtedly the offense is a serious one, there is no allegation that Mr. Schenk ever engaged in any violent behavior or ever possessed any firearms in connection with his admitted wrongdoing.

2. Deterrence – general and special.  The two species of deterrence call for two kinds of analysis.  As for general deterrence – the need to fashion a punishment which will deter the public at large from taking the same course of action as did the defendant-it seems reasonable to conclude that a probationary would serve as a sufficient disincentive to others who might otherwise be tempted to engage in selling fake Viagra.  With respect to special deterrence – the need to dissuade the Defendant himself from future illegal conduct – the question seems far simpler.  Mr. Schenk has certainly received and understood the message that there are severe consequences to his actions and that he is genuinely remorseful.  Mr. Schenk has lived a law abiding life for 75 years.

5

3. Incapacitation. "The rationale for incapacitation is to allow society to 'protect itself from persons deemed dangerous because of their past criminal history.'" *Allen v Woodford*, 395 f. 3d 979, 1009 (9th Cir. 2004) (citing 1 W. LaFave & A. Scott, Substantive Criminal Law 38 § 1.5 (2003)). Counsel submits that there is simply no reason whatsoever for the Court to believe that there is any reason to protect society from Mr. Schenk.

4. Rehabilitation. Likewise, there is no need to rehabilitate Mr. Schenk.

C. **THE KINDS OF SENTENCES AVAILABLE**

In the wake of *Booker*, the Court is free to impose any kind of sentence which it deems appropriate. It seems clear that given Mr. Schenk's lack of any prior criminal record, the manner in which he has lived his life, his medical condition and his sincere remorse, an appropriate amount of leniency should guide this Court's discretion. A probationary sentence is appropriate in this case.

D. **THE NEED TO AVOID UNWARRANTED SENTENCING DISPARITY**

Finally, as to the factor of unwarranted disparities, *in United States v Simmons*, 501 F. 3d 620, 623-24 (6th Cir. (2007))[1], the Sixth Circuit recognized that § 3553(a) (6) is concerned with nationally uniform sentences among defendants with similar criminal backgrounds convicted of similar criminal conduct. Given the fact that Mr. Schenk has no criminal background and given the fact that he is the sole

---

[1] In *United States v Simmons*, 501 F.3d 620, 623-624 (6th cir. 2007), the Sixth Circuit held that "Section 3553(a) (6) is concerned with *national* disparities." (Emphasis supplied). To the same effect is *United States v Robinson*, 503 F.3d 522, 531 n. 3 (6th Cir. 2007).

6

provider for his daughter who is an invalid and given Mr. Schenk's own age and health issues, a probationary sentence is appropriate in this case.

Respectfully submitted,

/s/ *Michael A. Rataj*
_____
**MICHAEL A. RATAJ (P43004)**
Co-Counsel for Defendant
Theodore Schenk
535 Griswold, Suite 1030
Detroit, MI 48226
(313) 962-3500
ratajmi@aol.com

Dated: June 4, 2009

*PROOF OF SERVICE*
*The undersigned certifies that a copy of the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses as directed on the pleadings on* ***June 4, 2009***.

*Delivery*

*By:*  ☐ *U.S. Mail*  ☐ *Fax*  ☒ *E-File (ECF)*
      ☐ *Hand Delivered (Court)*  ☐ *Overnight Express*
      ☐ *Federal Express*  ☐ *Email*  ☐ *Other*

*Signature: /s/ Jennifer M. Lakos*
_____
        *Jennifer M. Lakos*

7